

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-3918
Re: Whether or not the adver-
tising plan submitted is
a lottery.

Your written request for an opinion from this depart-
ment has been received and considered. We quote from the re-
quest:

"The editor of the El Paso Shopping News
called at my office this morning to ask my opin-
ion as to whether or not the giving away of a
$25.00 defense bond each week, subject to the
terms set out in the attached clipping, violates
the lottery laws of our State.

"I advised him that in my opinion this fell
within the rulings of our courts defining a lot-
tery, but advised him that I would request an
opinion from your office, in order to follow the
general ruling throughout the State on these
questions. Will you therefore please advise me
whether or not this constitutes a violation of
our State lottery laws.

"The case on which I base my ruling is Cole
v. State, 112 S. W. (2d) 725."

The exhibit in the form of a clipping from a newspaper,
which is attached to your request and referred to therein, reads
as follows:

Honorable Ernest Guinn, Page 2

"THE EL PASO SHOPPING NEWS
WILL GIVE A
$25      DEFENSE BOND      $25

For a paper issued on Friday, August 22, 1941, and delivered somewhere in El Paso, that contains one line of jumbled type identical to the one below

CRYLMA

Appearing in an Advertisement!

If you have this paper notify The Shopping News and receive your $25 bond. The publication of each new issue of The Shopping News voids the offer of the previous week."

Your subsequent or supplemental request gives us this additional information:

"The El Paso Shoppers News is distributed free from house to house and is not published in connection with the daily or weekly newspaper. It is financed through advertisement of local concerns. In other words, it is self-sustaining and it is published independently by individual who distributes the paper freely and makes his money through advertisements in the paper."

Section 47 of Article III of the Constitution of Texas deals with lotteries. Article 654 of the Penal Code of the State of Texas makes lotteries unlawful. See opinion No. 0-2286.

The elements of a lottery are: (1) A prize or prizes; (2) The award or distribution of the prize or prizes by chance; (3) The payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. See Cole vs. State (Ct. Crim. App.) 112 S. W. (2d) 725; City of Wink vs. Griffith Amusement Company, (Tex. Sup. Ct.) 100 S. W. (2d) 695; Opinion No. 0-2286, a copy of which is enclosed for your assistance. From the facts given in your letter, it is obvious that the first two elements of a lottery are present under the plan submitted. We now consider whether the element of consideration is present.

Honorable Ernest Guinn, Page 3

The plan of inserting a jumbled script in an advertisement in a single issue of the Shoppers News is designed and calculated to stimulate and increase the interest of those in whose hands issues of said paper might be delivered. Other persons, being desirous of obtaining a chance to participate in the plan suggested, would doubtless make some effort to obtain copies or issues of said paper. This increase and stimulation of interest of the readers of said Shoppers News is doubtless designed as an inducement, in behalf of the publisher of said paper, to secure more paying advertising customers. Increased circulation and stimulation of interest of the readers of said news, with attention being focused on the advertisements, would certainly appeal to a person desiring to advertise through such medium. Increased sales and good will could reasonably be expected to follow. This stimulus and interest, we think, could certainly be said to inure either directly or indirectly to the benefit of those advertising in said newspaper. We are therefore convinced that the advertisers in said Shopping News are paying a direct, or at least indirect, consideration in order to participate in said advertising scheme. Cole v. State, supra. We find that all of the elements of a lottery, as contemplated in the Constitution and the laws of this State, exist in the advertising scheme submitted by you.

You are, therefore, advised that the plan submitted by you constitutes, in our opinion, a lottery as contemplated and forbidden by the Constitution and laws of this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Harold M. Cracken

Harold McCracken
Assistant

HM:ej


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN